**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| GREENTHREAD, LLC, | |
| Plaintiff, | Case No. 2:23-cv-00212-JRG (Consolidated Lead Case) |
| v. | |
| OMNIVISION TECHNOLOGIES, INC., | JURY TRIAL DEMANDED |
| Defendant. | |
| GREENTHREAD, LLC, | |
| Plaintiff, | Case No.  2:23-cv-00157-JRG (Member Case) |
| v. | |
| TEXAS INSTRUMENTS INCORPORATED, | JURY TRIAL DEMANDED |
| Defendant. | |
| GREENTHREAD, LLC, | |
| Plaintiff, | Case No. 2:23-cv-00179-JRG (Member Case) |
| v. | |
| AMS-OSRAM AG ET AL. | JURY TRIAL DEMANDED |
| Defendant. | |

**PLAINTIFF GREENTHREAD, LLC'S MOTION TO AMEND**
**P.R. 3-1 INFRINGEMENT CONTENTIONS**
**WITH RESPECT TO DEFENDANT TEXAS INSTRUMENTS INCORPORATED**

Plaintiff Greenthread LLC ("Greenthread") seeks leave to amend its P.R. 3-1 infringement contentions to clarify that the accused products include products made with Defendant Texas Instruments Inc.'s ("TI") "LBC7" manufacturing process and later developed processes. Greenthread's supplement is based on (1) TI's representations during the parties' meet and confers that Greenthread had *already* accused all "LBC7" products, and (2) TI's repeated and explicit requests that Greenthread clarify the definition of accused products. TI agrees that Greenthread should be able to clarify the scope of accused products and even agrees that Greenthread may *expand* the scope of accused products—although Greenthread's supplement does not do that. TI just wants Greenthread to accuse *different* products based on commercial reverse engineering reports *selected by TI*. Greenthread is not aware of any authority suggesting that a defendant— with clear incentive to select alleged prior art or noninfringing products—can define the accused products. TI has not provided any authority for its position, and TI's opposition to Greenthread's motion is baseless.

## I.      BACKGROUND

*Greenthread's Allegations*: Greenthread brought this action accusing TI of infringing Greenthread's patents relating to transistor technology. Greenthread's patents relate to the concentration and location of chemicals called "dopants" in semiconductor devices. Semiconductor manufacturers, like TI, do not ordinarily reveal information about dopant concentrations, but in some circumstances, it can be determined through reverse engineering.

Greenthread timely served its P.R. 3-1 infringement contentions on July 6, 2023. Ex. 1. Greenthread's infringement contentions include claim charts based on a 2022 TechInsights reverse engineering report, demonstrating that an exemplary TI transistor product infringes the patents-in-

suit.[1]  Ex. 2.  Greenthread further alleges in its Complaint and infringement contentions that the exemplary product is representative of other TI accused products, because they "would have similarly been advantageously designed to … achieve the performance enhancements described and claimed in" the asserted patents.  Dkt. 1, Ex. 8 at 1; Ex. 2 at 1.  "For example, the other Texas Instruments Accused Products would similarly have been designed with a dopant gradient in order to improve performance characteristics such as on and off switching times" described in the asserted patents.  Dkt. 1, Ex. 8 at 1; Ex. 2 at 1.  Further, Greenthread alleges that its invention "would have application in numerous types of Texas Instruments products," such as, "amplifiers, audio processors, digital-to-analog converters, analog-to-digital converters, digital clocks, interface ICs, … and other ICs, because such products would benefit from, among other things, improved switching time for transistors in the device."  Dkt. 1, Ex. 8 at 1-2; Ex. 2 at 1-2.

A summary note in the reverse engineering report Greenthread used says that the testing "results are generally consistent with TechInsights' previous analysis of the Texas Instruments' **LBC7** 0.25 μm BCD processing technology," as discussed in a report from 2006 cited in footnote 4.  Ex. 3 at 5, 34 (emphasis added).  However, the 2022 report does not say what features of the TI product are "generally consistent" with LBC7 or the chip featured in the 2006 TechInsights analysis.  Nor does the report give any other information about "LBC7."  Indeed, "LBC7" appears only three times in the report, as quoted above and in a table to indicate "Process Technology." *Id*. at 33.  The 2006 report to which the 2022 report cites is similar.  It says that the chip it analyzed

---

[1] TechInsights is a private company that provides intelligence and reverse engineering into certain semiconductor products for a fee.  This District has confirmed that Greenthread is not required to reverse engineer every accused product to satisfy P.R. 3-1.  *See MOSAID Techs. Inc. v. Micron Tech*., *Inc*., No. 2:06-cv-302, 2008 WL 11344767, at *4 (E.D. Tex. Jan. 29, 2008) ("[I]f there is a lack of public information, is a plaintiff compelled to perform reverse engineering on every accused product, to satisfy P.R. 3-1? The cumulative authority in this district would answer 'no.'").

was "reportedly manufactured" using LBC7, but does not say what characterizes a transistor made with LBC7 and does not say that particular dopant configurations (*i.e.*, what is claimed in Greenthread's patents) are common to LBC7 transistors.[2]  In short, the two reports identify TI's internal name for a manufacturing process, but do not give information about whether or how two chips made with the process are similar with respect to Greenthread's claims.

Indeed, at the time of its original infringement contentions, Greenthread was not aware of any public information suggesting, let alone making clear, that "LBC7" has any relevance to Greenthread's claims.  TI has not made any such information publicly available, but rather claims the details of its manufacturing processes are its most closely guarded trade secrets.  *See* Dkt. 52 at 7-8 (protective order providing special protections for TI's manufacturing processes).

*TI Requests Clarification of the Accused Products and says Greenthread Accused "Prior Art LBC7"*:  On August 8, 2023, more than a month after receiving Greenthread's P.R. 3-1 disclosures, TI mentioned LBC7 for the first time.  During a meet and confer, TI claimed that the LBC7 process was prior art, and that by accusing one transistor made with LBC7, Greenthread had accused earlier allegedly prior art transistors made with that process.  In a later email, TI claimed that during the August 8 meeting, TI had "***specifically called out the pertinence of this LBC7 process*** as 102(a) and/or 102(g) prior art."  Ex. 4 (emphasis added).  TI took the position "whether or not the LBC7 process results in a transistor meeting the claims [does not] turn[] on what *product* [the transistor is] used in." *Id.* (emphasis in original).  For example, the differences in the transistor in TechInsights' 2022 report relied on by Greenthread versus earlier transistors from the 2006 report were irrelevant, according to TI.  *Id.*  According to TI, even though the

---

[2] *See* https://www.techinsights.com/products/ppr-0603-801.  Greenthread has read-only access to the 2006 report.

transistor Greenthread charted came out much later, Greenthread had accused a "2004 design using *the same transistor (LBC7)*." *Id.* (emphasis added).  Since—according to TI—Greenthread had accused a prior art product, Greenthread's patents were *per se* invalid.

Before the August 8 call, Greenthread had no reason to think that LBC7 had any special relevance to this case.  Since TI "called out the pertinence of this LBC7 process" (Ex. 4), however, Greenthread has investigated and determined that TI's prior art claims are incorrect.  LBC7 came out *after* Greenthread's priority date.  For example, the website of a former TI employee involved in the development of LBC7 states that it came out in 2005, the year *after* Greenthread filed its patent application on September 3, 2004.[3]  Indeed, in spite of its assertions that "LBC7" is prior art, TI has not provided *any* evidence that *any* relevant information about LBC7 was publicly available before Greenthread's filing date.

At the same time that TI was making unsupported claims about its "prior art," TI also demanded that Greenthread (1) answer an interrogatory explaining the basis for any priority date earlier than Greenthread's filing date, and (2) supplement its P.R. 3-1 disclosures, including with respect to the scope of accused products.  With respect to the interrogatory, TI said: "We expect a fulsome response to this Interrogatory, and TI does not foresee agreeing to extensions since Defendants' invalidity contentions will already be due very shortly after the interrogatory response date." Ex. 5.  With respect to the explanation of accused products, TI asked why the exemplary product "is representative of anything beyond products with this transistor," Ex. 6,  and said that Greenthread "committed to providing us a supplement on why you contend this chart is representative of products that do not include this LDMOS transistor." Ex. 7 at 7.  To avoid motion practice on TI's demands, the parties agreed that Greenthread would serve supplemental P.R. 3-1

---

[3] https://www.louhutterconsulting.com/technologies/

disclosures by September 15, which TI acknowledged: "You committed to getting us the supplement no later than September 15th." *Id.*

<u>Greenthread Provides the Supplement TI Requested</u>: Greenthread proceeded to do exactly as TI requested.[4] ***First***, Greenthread agreed to multiple extensions, totaling 45 days, on TI's P.R. 3-3 and 3-4 disclosures. This allowed Greenthread to provide the supplemental P.R. 3-1 disclosure on September 15, and gave TI time to take the supplement into account in preparing its P.R. 3-3 and 3-4 disclosures.  Dkt. 53; Dkt. 57.

***Second,*** on September 15, 2023 *the date the parties agreed* (and more than a month before TI's P.R. 3-3 and 3-4 disclosures would be due), Greenthread served a proposed supplemental P.R. 3-1 disclosure.  In its disclosure, Greenthread said that TI had represented that the exemplary accused product "is fabricated using TI's 'LBC7' fabrication process and that its transistors developed with a given process are identical" (Ex. 8 at 4), and "once Texas Instruments realized the advantages of the claimed technology in the LBC7 process, later developed Texas Instruments processes would have been designed to achieve the same result…."  Ex. 9 at 1.  Therefore, Greenthread proposed to supplement the accused products to include those "fabricated using the LBC7 process … [or] later developed processes."  Ex. 8 at 4.  Greenthread included the same list of exemplary products that would benefit from Greenthread's technology from its earlier infringement contentions, *e.g.*, "digital-to-analog converters, … and other ICs."  Ex. 9 at 1.

***Third***, on September 21, 2023 the due date for TI's priority date interrogatory—for which TI would not "agree[] to extensions" (Ex. 5)—Greenthread responded to the interrogatory by citing

---

[4] As Greenthread has consistently told TI, its original infringement contentions fully comply with P.R. 3-1 and sufficiently placed TI on notice of Greenthread's infringement theories.  *See Team Worldwide Corp. v. Acad., LTD*, No. 2:19-cv-00092-JRG-RSP, 2020 WL 4601635, at *2 (E.D. Tex. Aug. 11, 2020); *Sol IP, LLC v. AT&T Mobility LLC*, No. 2:18-cv-00526, 2020 WL 10045985, at *1 (E.D. Tex. Apr. 23, 2020).

previously produced (and witnessed) laboratory notebooks and producing other documents confirming a priority date well-before any date on which LBC7 became prior art.  Ex. 10.

*TI Refuses to Consent to Greenthread's Supplement and Asks Greenthread to Accuse Other Products Instead*:  TI received the very information it said it wanted, on the day it demanded to get it, but then TI changed its position.  Once TI saw the facts, TI said that it "never agreed Greenthread could change its definition of the accused products," and that it was not on "notice as to how (or if) Greenthread contends Bipolar and CMOS transistors even made by the LBC7 process infringe."  Ex. 11.  Indeed, TI's whole position regarding LBC7 suddenly changed.  Instead of focusing on "the pertinence of this LBC7 process" as it had previously when it believed it could use Greenthread's contentions to its advantage (Ex. 4), TI claimed that Greenthread's allegations were limited to "unique aspects of a specific type of LDMOS transistor" (Ex. 7 at 3), and instead of and referring to "*the same transistor (LBC7)*" (Ex. 4) (emphasis added), TI began referring to the "LBC7 process family" of transistors.  Ex. 7 at 1.

But, in the very same email in which TI claimed that Greenthread should not be able to clarify the "definition of accused products," TI *requested* that Greenthread accuse *different* products.  Ex. 11.  Rather than simply agree to provide discovery in its possession regarding the accused products, TI offered "to pay the full cost" of additional reverse engineering reports "if Greenthread will chart these other types of transistors, *which we would identify for you*."  Ex. 7 at 2 (emphasis added).  TI did not indicate whether it "would identify" products that it believes likely infringe or whether it would identify products that it believes are prior art.  *Id.*

On October 3, 2023, the parties' lead and local counsel met and conferred.  TI confirmed that it would not alter its position.  TI has not served any technical discovery and its P.R. 3-3 and

3-4 disclosures are not due until October 16, 2023, pursuant to the extensions to which Greenthread consented.

## II.     LEGAL STANDARD

"Local Patent Rule 3-1 requires a party claiming infringement to identify each accused product in its infringement contentions." *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-cv-00980-JRG, 2017 WL 4812436, at *2 (E.D. Tex. Oct. 25, 2017) (quoting *Tivo Inc. v. Samsung Elecs. Co.*, No. 2:15-CV-1503-JRG, 2016 WL 5172008, at *1 (E.D. Tex. 2016)). "The purpose of P.R. 3-1 infringement contentions is to provide reasonable notice to an accused infringer of the accused products." *Revolaze LLC v. J.C. Penney Corp. In*c., No. 2:19-cv-00043-JRG, 2020 WL 2220158, at *3 (E.D. Tex. May 6, 2020). "This notice allows the accused infringer to conduct its own discovery and prepare its defense." *Id*.

P.R. 3-6(b) allows a party to supplement its infringement contentions "by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). The Court considers four factors when determining good cause: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded if the proposed amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Intellectual Ventures II,* 2017 WL 4812436, at *2 (citing *Packet Intelligence LLC v. NetScout Sys*., No. 2:16-CV-230-JRG, 2017 WL 2531591, at *1 (E.D. Tex. April 27, 2017)).

## III.     ARGUMENT

This motion should be unopposed. Greenthread does not seek to add new products to this case. Greenthread seeks to clarify its contentions and the accused products based on TI's identification of the significance of LBC7 and demands for clarification. TI only opposes because it cannot claim the LBC7 products it identified as accused based on Greenthread's contentions are

prior art.  Even so, Greenthread has good cause to amend pursuant to P.R. 3-6(b).  Greenthread is acting diligently based on non-public information provided by TI after Greenthread served its original contentions.  As the case is in the early stages and discovery has just begun—indeed TI has produced no technical documents—TI cannot possibly claim prejudice from Greenthread's amendments.  Indeed, Greenthread has already agreed to multiple extensions for TI's P.R. 3-3 and 3-4 disclosures, which are not due for two more weeks. The Court should grant Greenthread's motion.

**A.      Greenthread's Supplement Clarifies the Accused Products Consistent with TI's Identification of LBC7 and Demands for Clarification**

Greenthread seeks to amend its contentions to clarify the accused products.  *See* Section I. In doing so, Greenthread is not seeking to change or expand the accused products or assert new theories.  Rather, Greenthread seeks to clarify its previous contentions to provide greater detail about the accused products as *TI repeatedly requested*.  While Greenthread continues to disagree that its original contentions were deficient, Greenthread has now supplemented its contentions to provide the greater specificity that TI claims to need.

TI cannot claim that Greenthread seeks to add new products or change its definition of accused products.  TI clearly understood Greenthread's original infringement contentions to encompass LBC7 transistors when it claimed such products are invalidating prior art.  *See* Ex. 4; Ex. 5.  It was *TI*, therefore, who squarely put the LBC7 products at issue in this case by confirming the "pertinence" of the LBC7 process to Greenthread's infringement theories.  *See* Ex. 4.  Nor can TI claim that Greenthread's identification of accused products fails to comply with P.R. 3-1.  TI demands a degree of specificity that is beyond the notice function of infringement contentions.  TI clearly understands LBC7, and later processes for achieving the same advantages, to be accused of infringement in this case.  Any additional specificity will come from discovery on TI's

processes. *See Staton Techiya, LLC v. Samsung Elecs. Co., Ltd*., No. 2:21-cv-00413-JRG-RSP, Dkt. 360 at 3-4 (E.D. Tex. Mar. 29, 2023) (rejecting defendants' argument that the contentions are vague because they fail to specify which claimed acoustic analysis is performed: "[S]uch information would come from discovery on the coding used to conduct the acoustic analysis.").

And, TI's argument that Greenthread is adding (or subtracting) accused products from the case does not make sense. TI's website includes a list of products that were released in the last year.[5] Greenthread's original infringement contentions identified accused model numbers based on that list, because these products would have come out around the same time as the exemplary product, by which point TI had already adopted Greenthread's technology. TI claims that Greenthread is expanding the scope of accused products, because more products are made with LBC7 or later processes than are on the list. That may be so, but that is precisely the type of information that would only be available through discovery. Regardless, TI has made clear that it *already* believed that Greenthread had accused, not just LBC7 transistors, but "LBCx" transistors, like "LBC" generations that follow LBC7. Ex. 7 at 7. Moreover, Greenthread's infringement contentions made clear at the very outset that "other Texas Instruments Accused Products would similarly have been designed with a dopant gradient in order to improve performance characteristics such as on and off switching times" described in the asserted patents. Ex. 2. at 1; Ex. 9 at 1. Greenthread's original contentions also said the inventions "would have application in numerous types of Texas Instruments products" and provided a list of categories of TI products, like "amplifiers, audio processors, digital-to-analog converters, analog-to-digital converters, digital clocks, interface ICs, … and other ICs." Ex. 2. at 1-2; Ex. 9 at 1-2. Greenthread has no way of discovering any details about the manufacturing processes for these products, because TI

---

[5] https://www.ti.com/product-category/new-products.html?releasePeriod=364

closely guards that information as a trade secret.  Nevertheless, TI wanted more specificity and Greenthread's proposed amendment simply clarifies that it is accusing the same products, *in so far as they were made with LBC7 or later processes*.[6]  To the extent Greenthread's amendments change the scope of accused products at all, they would only narrow it.

Further, even while it rejects Greenthread's clarification regarding LBC7, TI continues to request that Greenthread chart more products for its infringement contentions—so long as Greenthread uses commercial reverse engineering reports on products *selected by* TI.  TI has not provided basis for using commercial reports when it could simply produce the necessary information in discovery.  Indeed, TI's unusual procedure is *more* likely to expand the scope of accused products than simply producing information for the accused products.  Nevertheless, TI apparently is willing to increase the scope of accused products and incur unnecessary expense so that it can control what Greenthread accuses.

In sum, TI said it needed clarity regarding the accused products, and Greenthread is satisfying that request.  For this reason alone, any objection by TI is baseless, and the Court should grant Greenthread's motion.  *See Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:22-cv-00282-JRG, Dkt. 137 at 2 (E.D. Tex. Aug. 25, 2023) (allowing amended contentions where the plaintiff amended its contentions in response to a request from the defendants).

## B.    This Court Should Grant Greenthread's Motion Pursuant to P.R. 3-6(b)

This Court should grant Greenthread leave to amend its infringement contentions pursuant to P.R. 3-6(b), which provides that a party may amend its contentions upon a showing of good

---

[6] To the extent TI claims that it does not know which processes are at issue, that assertion would contradict TI's written policies which require documentation of changes to TI manufacturing processes.  "When a Product/process change requires customer notification, a formal Product change notification process is used. *Records are kept* indicating the initiation of any change to production processes and to demonstrate conformance to these requirements."  Ex. 12 at 7 (emphasis added).

cause.  Greenthread meets that standard, and each of the four factors this Court considers in determining good cause weighs in favor of granting Greenthread leave to amend.

### 1.    Greenthread is Diligent in Seeking to Amend its Contentions

Greenthread's supplement is based entirely on recent discussions with TI about its original infringement contentions and additional information TI provided in those discussions— information not publicly available to Greenthread when it served its original contentions.  As discussed *supra*, Greenthread had no reason to assume that transistors made with the "LBC7" process infringe—or that "LBC7" had any significance—until TI made that assertion during the parties' meet and confers.  And, as this Court has recognized, "'[i]t is expected that during the course of discovery, infringement contentions may be clarified or refined' based upon information produced during discovery." *Arigna Tech. Ltd. v. Volkswagen AG*, No. 2:21-cv-00054-JRG-RSP, 2022 WL 2761288, at *2 (E.D. Tex. Jan. 19, 2022) (quoting *Harris Corp. v. Huawei Device USA, Inc.*, No. 2:18-cv-00439-JRG, 2019 WL 4247067, at *3 (E.D. Tex. Sept. 6, 2019)).  This is what occurred here.  TI has not produced a single technical document and Greenthread consented to extensions for TI's P.R. 3-3 and 3-4 disclosures.  Greenthread is diligent in seeking to amend it contentions, and this factor weighs in favor of granting Greenthread's motion.

### 2.    Infringing Products Should Not Be Excluded in this Case

Greenthread's supplemental infringement contentions are important as they seek to clarify and provide additional details about the infringing products learned from TI.  *See Arigna Tech. Ltd. v. General Motors LLC*, No. 2:21-cv-00174-JRG, Dkt. 14 at 7 (E.D. Tex. Apr. 6, 2022) (finding amended contentions important because the plaintiff sought to supplement with additional information and details learned from non-public sources).  Greenthread thinks its original infringement contentions are adequate, but to the extent TI claims not to understand the contentions, Greenthread's supplement simply clarifies what is accused.  Indeed, TI's policies

11

make clear that it carefully documents its manufacturing processes and that "[r]ecords are kept indicating the initiation of any change to production processes." Ex. 12 at 7. By specifically identifying the processes at issue, Greenthread has clearly defined the universe of accused products. The only alternative TI proposes is for *TI* to select the accused products based on what happens to be commercially available—and what TI thinks will serve its interests. TI has not identified any authority supporting this procedure or for allowing defendants selecting the accused products. Greenthread is aware of none and allowing defendants to shape the plaintiff's case is obviously unfair.

To the extent TI claims that Greenthread's supplement comprises new accused products as opposed to simply providing the additional details it requested, Greenthread's early supplement is all the more relevant and important to this case. *See Nidec Corp. v. LG Innotek Co., Ltd.*, No. 6:07-CV-108, 2009 WL 3673253, at *2 (E.D. Tex. Sept. 2, 2009) (finding the proposed amendment was important because it added a "significant number of products to [Plaintiff's] Infringement Contentions")). This factor weighs in favor of granting Greenthread's motion.

### 3. TI Will Not Be Prejudiced by Greenthread's Amendment

The third factor also weighs in favor of amendment. TI will not be prejudiced by the amendment because the LBC7 process was always at issue in this case—TI demonstrated Greenthread's original contentions provided sufficient notice by highlighting "the pertinence" of the LBC7 process. Ex. 4. Indeed, before it received Greenthread's supplement and changed its position, TI said "we plan to produce sales data for the 700+ products Greenthread identified in its contentions and *all LBCx products*." Ex. 7 at 7 (emphasis added). TI's reference to "LBC**x**" (not just LBC7) acknowledged that more than just LBC7 has always been at issue.

And, given the particularly early stage of this case, TI cannot credibly claim prejudice. *See Arigna*, 2022 WL 2761288, at *2 (granting leave and noting that "the prejudice is minimal because

the Claim Construction Hearing has not been held yet," and fact discovery would not close for another month from the order). Here, not only has the claim construction process not begun, there is **over a year** remaining in fact discovery. *See* Dkt. 54. "[T]he amount of time remaining before claim construction and the close of fact discovery when the supplement was served undermines any prejudice [defendant] may endure." *Estech Sys. IP, LLC v. Mitel Networks, Inc.*, No. 2:21-cv-00473-JRG-RSP, 2023 WL 221535, at *3 (E.D. Tex. Jan. 17, 2023).

Furthermore, TI cannot claim prejudice when it has repeatedly offered to buy commercially available reverse engineering reports so that Greenthread can accuse *more* products which may include *more* manufacturing processes than under Greenthread's supplement. Ex. 7 at 2; Ex. 11. TI's opposition is not about whether more or fewer products will be in the case, but whether TI gets to select the products in the case, based on what it thinks will work to its advantage. Greenthread is not aware of any authority that a defendant can substitute commercial reports for information in its possession and pick which products the plaintiff must accuse.

### 4.    A Continuance is Not Necessary

Finally, a continuance is not necessary as fact discovery is not set to close until October 7, 2024, and the claim construction process has yet to even begin. Indeed, TI has not made any technical productions whatsoever. In such an early stage of the case, this Court has found a continuance unnecessary. *See, e.g.*, *Harris*, 2019 WL 4247067, at *3 ("[E]ven if Huawei were to suffer any prejudice, the current stage of the proceedings provides the Court and the parties with many options for addressing any prejudice arising from these amendments."); *Estech*, 2023 WL 221535, at *3 (considering time parties had before the close of discovery and claim construction). This factor also weighs in favor of granting Greenthread leave to amend its infringement contentions.

13

## IV.    CONCLUSION

For the foregoing reasons, Greenthread respectfully requests the Court to grant it leave to amend its contentions.  Not only did TI demand that Greenthread supplement its contentions, but Greenthread has acted diligently in both discussing the scope of accused products with TI and supplementing its contentions based on those discussions.

Date: October 3, 2023                                    **MCKOOL SMITH, P.C.**

                                                        /s/ *Alan L. Whitehurst*
                                                        Alan L. Whitehurst
                                                        D.C. Bar No. 484873
                                                        awhitehurst@mckoolsmith.com
                                                        Nicholas T. Matich
                                                        D.C. Bar No. 1024907
                                                        nmatich@mckoolsmith.com
                                                        Arvind Jairam
                                                        D.C. Bar No. 1017133
                                                        ajairam@mckoolsmith.com
                                                        **MCKOOL SMITH, P.C.**
                                                        1999 K Street NW
                                                        Washington, DC 20006
                                                        Telephone: 202-370-8300
                                                        Telecopier: 202-370-8344

                                                        Samuel F. Baxter
                                                        Texas Bar No. 01938000
                                                        sbaxter@mckoolsmith.com
                                                        Jennifer Truelove
                                                        Texas Bar No. 24012906
                                                        jtruelove@mckoolsmith.com
                                                        **MCKOOL SMITH, P.C.**
                                                        104 East Houston Street, Suite 300
                                                        Marshall, TX 75670
                                                        Telephone: 903-923-9000
                                                        Telecopier: 903-923-9099

                                                        John B. Campbell
                                                        Texas Bar No. 24036314
                                                        jcampbell@mckoolsmith.com
                                                        **MCKOOL SMITH, P.C.**
                                                        303 Colorado Street, Suite 2100
                                                        Austin, Texas 78701
                                                        Telephone: 512-692-8700
                                                        Telecopier: 512-692-8744

                                                        Neil Ozarkar
                                                        Texas Bar No. 24079096
                                                        nozarkar@mckoolsmith.com
                                                        Kaylee Hoffner
                                                        Texas Bar No. 24127036
                                                        khoffner@mckoolsmith.com
                                                        **MCKOOL SMITH, P.C.**

600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: 713-485-7300
Telecopier: 713-485-7344

Emily Tate
New York Bar No. 5769153
etate@mckoolsmith.com
MCKOOL SMITH, P.C.
One Manhattan West
395 9th Avenue, 50th Floor
New York, NY 10001
Telephone: 212-402-9400
Telecopier: 212-402-9444

***ATTORNEYS FOR PLAINTIFF
GREENTHREAD, LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on October 3, 2023.

*/s/ Alan L. Whitehurst*
Alan L. Whitehurst

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that the Parties have met and conferred in compliance with Local Rule CV 7(h) regarding this Motion, and this Motion is OPPOSED.

*/s/ Alan L. Whitehurst*
Alan L. Whitehurst