# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GREENTHREAD, LLC<br><br>v.<br><br>OMNIVISION TECHNOLOGIES, INC. | 2:23-CV-00212-JRG<br>(Lead Case) |
| GREENTHREAD, LLC<br><br>v.<br><br>TEXAS INSTRUMENTS INCORPORATED | 2:23-cv-00157-JRG<br>(Member Case) |
| GREENTHREAD, LLC<br><br>v.<br><br>AMS-OSRAM AG et al | 2:23-cv-00179-JRG<br>(Member Case) |

**OMNIVISION'S MOTION TO COMPEL**
**GREENTHREAD'S COMPLIANCE WITH P.R. 3-1 AND**
**STRIKE UNCHARTED PRODUCTS**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. BACKGROUND .................................................................................................................... 2

    A. Asserted Patents ........................................................................................................ 2

    B. The Parties ................................................................................................................. 2

    C. Relevant Filings and Attempts to Resolve the Present Dispute ............................. 3

    D. Greenthread's Infringement Contentions .............................................................. 3

    E. Information Available to Greenthread ................................................................... 4

III. ARGUMENT ......................................................................................................................... 5

    A. Greenthread Has Improperly Delayed Disclosing its Infringement Theories ........ 5

    B. Greenthread Failed to Provide Sufficient Infringement Contentions
   For the OV24A1Q Image Sensor ............................................................................. 6

        1. The Exemplary Claim ..................................................................................... 7

        2. Greenthread Fails to Identify the "Substrate of a First Doping
      Type at a First Doping Level Having First and Second Surfaces" ............... 7

        3. Greenthread Fails to Identify the "First Active Region" Limitations .......... 8

        4. Greenthread Fails to Identify the "Second Active Region" Limitations ...... 9

        5. Greenthread Fails to Identify "Transistors Formed in the at
      least one of the First Active Region or Second Active Region" ................. 10

        6. Greenthread Fails to Identify a "Graded Dopant Concentration
      to Aid Carrier Movement from the First Surface to the Second
      Surface of the Substrate" in the First or Second Active Regions .............. 10

    C. Greenthread Provides No Contentions for the Other Products ......................... 10

        1. Greenthread's Catch-Alls Have No Effect .................................................... 11

        2. Greenthread Fails to Comply with P.R. 3-1(c) ............................................. 11

    D. Greenthread's Moving Target Strategy Prejudices OmniVision. ......................... 13

IV. CONCLUSION .................................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**  Page(s)

*Alacritech, Inc. v. CenturyLink, Inc.*,
   2017 WL 3007464 (E.D. Tex. July 14, 2017) ................................................................ 11, 12

*CathX Research Ltd. v. 2G Robotics, Inc. a/k/a/ Voyis Imaging, Inc.*,
   5:21-cv-00077-RWS, (E.D. Tex. May 2, 2022), ECF 49 ................................................... 6

*Computer Acceleration Corp. v. Microsoft Corp.*,
   503 F. Supp. 2d 819 (E.D. Tex. 2007) ............................................................................ 13

*Connectel, LLC v. Cisco Sys., Inc.*,
   391 F. Supp. 2d 526 (E.D. Tex. 2005) ...................................................................... 5, 6, 13

*Jaipuria v. Linkedin Corp.*,
   2013 WL 12146741 (E.D. Tex. Mar. 27, 2013) .................................................................. 11

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
   797 F.3d 1025 (Fed. Cir. 2015) .......................................................................................... 5

*Rapid Completions LLC v. Baker Hughes Inc.*,
   2016 WL 3407688 (E.D. Tex. June 21, 2016) .................................................................... 6

*Tivo Inc. v. Samsung Elecs. Co.*,
   2016 WL 5172008 (E.D. Tex. July 22, 2016) ............................................................... 6, 11

*Traxcell Techs., LLC v. Huawei Techs. USA Inc.*,
   2017 WL 6559256 (E.D. Tex. Dec. 21, 2017) .................................................................. 11

*UltimatePointer, LLC v. Nintendo Co.*,
   2013 WL 12140173 (E.D. Tex. May 28, 2013) ................................................................ 12

## TABLE OF EXHIBITS

| Exhibit | Document |
|---|---|
| A | Greenthread September 15, 2023 Infringement Contentions |
| B | Matich July 31, 2023 Letter |
| C | Bluestone November 17, 2023 Letter |
| D | Greenthread July 6, 2023 Infringement Contentions |
| E | Bluestone September 27, 2023 Letter |
| F | Bluestone /Matich October 6, 2023 to October 27, 2023 Email Correspondence |

I.   **INTRODUCTION**

This District's Local Patent Rules ("P.R.") require the party claiming infringement, Plaintiff Greenthread, LLC ("Greenthread"), to provide charts showing where "each element of each asserted claim is found within each Accused Instrumentality." P.R. 3–1. Over six months into the case, Greenthread has charted only one product and failed to identify which structures correspond to the elements in the asserted claims. Greenthread provides no contentions whatsoever for over 200 items that Greenthread seeks to accuse because it found them on the website of Defendant OmniVision Technologies, Inc. ("OmniVision").

Greenthread asserts 104 apparatus claims against OmniVision but provides standalone allegations for only one independent claim. *See* Ex. A at 16–89. Greenthread contends that OmniVision products including "image sensors, ASICs, CameraCubeChip®, LCOS, power management, touch and display, OVMed® ISP, and OVMed® cable module devices" are all accused of infringement. *Id.* at 3–4. But Greenthread only provided charts directed to the OV24A1Q image sensor ("OV24A1Q"). *Id.* at 16–89.

For the OV24A1Q, Greenthread fails to identify what structures allegedly correspond to each of the limitations of the claims. *Id.* at 16–89. For the numerous website items, Greenthread makes no attempt to comply with P.R. 3–1(c). *Id.* at 5-10, 16–89.

Greenthread's deficient allegations prejudice OmniVision's ability to prepare its defenses and conduct discovery. Greenthread's failure to identify the specific structures in the accused products obstructs OmniVision's ability to investigate prior art chips for similar structures. Greenthread's refusal to commit to an infringement theory also ties OmniVision's hands in identifying, collecting, and producing relevant discovery, and in seeking assistance from Taiwan Semiconductor Manufacturing Corporation ("TSMC"), the manufacturer of the accused OV24A1Q product.

OmniVision requests that the Court order Greenthread to comply fully with P.R. 3–1 for the OV24A1Q by unambiguously identifying the accused structures that purportedly correspond to each limitation of the asserted claims and strike all uncharted products from

1

Greenthread's infringement contentions. OmniVision respectfully requests a hearing on this motion.

## II. BACKGROUND

### A. Asserted Patents

Greenthread asserts infringement of U.S. Patent Nos. 8,421,195 ("the '195 patent"), 9,190,502 ("the '502 patent"), 10,510,842 ("the '842 patent"), 10,734,481 ("the '481 patent"), 11,121,222 ("the '222 patent"), and 11,316,014 ("the '014 patent"), (collectively the "patents-in-suit"), all entitled "Semiconductor Devices With Graded Dopant Regions." Dkt. 1–1 at 2, Dkt. 1–2 at 2, Dkt. 1–3 at 2, Dkt. 1–4 at 2, Dkt. 1–5 at 2, Dkt. 1–6 at 2. Each patent has the same four column written disclosure and rudimentary figures. Dkt. 1–1 at 3–14, Dkt. 1–2 at 3–14, Dkt. 1–3 at 3–14, Dkt. 1–4 at 4–15, Dkt. 1–5 at 5–16, Dkt. 1–6 at 5–16.

### B. The Parties

Plaintiff Greenthread is a non-practicing entity. Greenthread procured the six asserted patents through serial continuation patent application filings dating from 2004 to 2019. Dkt. 1–1 at 2, Dkt. 1–2 at 2, Dkt. 1–3 at 2–3, Dkt. 1–4 at 2–3, Dkt. 1–5 at 2–3, Dkt. 1–6 at 2–3.

Defendant OmniVision is a designer of advanced digital imaging, analog, and touch & display solutions. OmniVision's products include image sensors, as well as supporting power management, liquid crystal on silicon display, and application-specific integrated circuit ("ASIC") products. OmniVision's design and sale of products predates the 102(b) prior art date for the asserted patents. OmniVision relies entirely on third-party foundries to manufacture its products.

Third-party TSMC manufactures the accused OV24A1Q image sensor.[1] OmniVision relies on TSMC's confidential and proprietary fabrication technology, which generally governs

---

[1] TSMC is a client of Greenthread's counsel, McKool Smith LLP. Lead counsel for Greenthread recently appeared on behalf of TSMC in a patent infringement matter involving similar technology—semiconductor substrates. *See* Brief of Defendants-Appellees at 1-2, *Semiconductor Connections LLC v. Taiwan Semiconductor Manufacturing Company Limited*, No. 21-2074 (Fed. Cir. October 29, 2021), ECF No. 15. OmniVision has inquired about what appears to be a conflict of interest, but Greenthread has not responded. Ex. C at 3.

the semiconductor doping of the OV24A1Q image sensor. To the extent Greenthread contends that this technology is relevant, TSMC's technology also likely predates the 102(b) prior art date for the asserted patents.

### C. Relevant Filings and Attempts to Resolve the Present Dispute

On May 10, 2023, Greenthread filed its complaint against OmniVision. Dkt. 1. On July 17, 2023, OmniVision moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 34. OmniVision's motion remains pending.

Greenthread produced P.R. 3-1 infringement contentions with the same deficient claim charts Greenthread attached to the Complaint. *Compare* Ex. D at 16-80 *with* Dkt. 1-8 at 2–64. On September 15, 2023, Greenthread served supplemental infringement contentions that also failed to identify which components in the accused products correspond to the asserted claim limitations. Ex. A. On September 27, 2023, OmniVision sent a deficiency letter concerning the supplemental contentions. Ex. E. For weeks, OmniVision sought clarification from Greenthread via email. Ex. F. Even as OmniVision cooperated in discovery despite Greenthread's failure to identify any specific infringement theory, Greenthread still declined to answer OmniVision's letter or substantively respond to any questions concerning its infringement contentions. *Id.* OmniVision even permitted Greenthread to conduct a review of OmniVision's highly sensitive files, including the entire design and development files for the OV24A1Q image sensor, which occurred on November 1 and 2, 2023. Nonetheless, Greenthread has refused to supplement its infringement contentions. Ex. C at 2.

### D. Greenthread's Infringement Contentions

Greenthread asserts 104 patent claims against OmniVision but provides standalone allegations for only one independent claim, claim 1 of the '842 patent ("exemplary claim"), and for only one portion of one product—the pixel array portion in the CIS die of the OV24A1Q image sensor. Ex. A. at 16–39. Greenthread's infringement allegations for most of the other claims offer no detail specific to those claims and instead rely solely on the contentions directed to the exemplary claim. *Id.* at 39–89.

Greenthread represented to the Court that "[t]he accused products each contain millions of transistors and Greenthread's allegations are not limited to transistors in the CIS die, or even just the exemplary product in the Complaint" and "even if the CIS die transistors don't infringe, the ISP transistors clearly do." Dkt. 37 at 15. Greenthread has never explained how the presence of "transistors" in general is probative as to whether the asserted claims are infringed, much less any specific explanation of how ISP transistors purportedly infringe. Greenthread refused to address this topic in the parties' meet-and-confer conference. Ex. F. at 2, 5.

Greenthread's infringement contentions copy in selected pages of the OV24A1Q Tech Insights Report. Ex. A. at 16–39. Greenthread includes vaguely drawn arrows and boxes on some pages, but it is unclear what they point to. *Id.* at 26–28, 31–38. For example, one cannot discern what Greenthread believes is (or is not) part of the "substrate" under Greenthread's infringement theory. *Id.* at 26–28. The same deficiencies are true for the "first active region," "second active region," and other elements as well. *See, e.g., id.* at 31–34.

Greenthread's infringement contentions are direly short on specifics, but they are long on attempted scope. Despite charting only one accused product, Greenthread attempts to accuse *every product* that it could identify on OmniVision's website and includes catch-alls in an effort cast as wide a net as possible for accused products. *Id.* at 5–10. Greenthread failed to satisfy P.R. 3-1 for the one charted image sensor product and makes no effort to explain how its deficient contentions for one accused image sensor bear on the multitude of other OmniVision products. *Id.* at 4–5.

E.   **Information Available to Greenthread**

Since prior to filing its Complaint, Greenthread has had a 129-page Tech Insights Report with microscopic images of OmniVision's OV24A1Q image sensor cut into various directions, color coded analyses, and detailed descriptions of numerous features. Dkt. 1–8, 65-193. The report explains that the OV24A1Q image sensor is manufactured by TSMC. *Id.* at 70–72. The OV24A1Q image sensor is a stacked, back-illuminated sensor comprised of two

4

dies, the image signal processor (ISP) die and the CMOS image sensor (CIS) die, bonded together. *Id.* at 68. TSMC manufactures the ISP die in a 40 nm CMOS process. *Id.* at 72. TSMC manufactures the CIS die using a 65 nm process. *Id.* Moreover, over a quarter of the voluminous Tech Insights Report on the OV24A1Q consists of doping concentrations and doping profiles for multiple portions across cuts in multiple directions of the CIS die in the OV24A1Q. *Id.* at 34–52, 93–95, 100–102, 104–106, 117, 118, 120–122, 126.

On October 16, 2023, OmniVision produced over 40,000 pages of technical information concerning products that Greenthread identified in its P.R. 3-1(b) disclosure. On November 1 and 2, 2023, Greenthread has also reviewed the design and development file for the OV24A1Q during an inspection in California as well as all highly confidential process files that OmniVision could reasonably identify relating to doping profiles.

Greenthread is aware of Tech Insights Reports for other OmniVision products but contends it should not have to incur the expense of obtaining other reports in complying with the Local Patent Rules. Ex. F at 5.

### III.   ARGUMENT

####   A.   Greenthread Has Improperly Delayed Disclosing its Infringement Theories

Greenthread cannot delay providing sufficient P.R. 3-1 disclosures based on the hope that subsequent discovery will open its eyes to an infringement theory or claims that its infringement theory is subject to work product protection. The plaintiff must "rigorously analyze all publicly available information before bringing suit and must explain with great detail [its] theories of infringement." *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005). Failure to disclose its infringement theories at the onset of the case is prejudicial to the accused infringer. *See Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) (patent owner is obligated to disclose fully and "crystallize" its infringement theories to prevent "shifting sands" litigation tactics).

Greenthread also cannot provide vague P.R. 3-1 disclosures and ask OmniVision to try to discern what infringement theories are intended. "The purpose of P.R. 3-1 is to put

defendants on notice as to what *plaintiff's* theories of infringement are and how *plaintiff* alleges the Accused Instrumentalities meet each claim element, not what a person of ordinary skill would attempt to assume plaintiff's theories are." *Rapid Completions LLC v. Baker Hughes Inc.*, No. 6:15-CV-724, 2016 WL 3407688, at *5 (E.D. Tex. June 21, 2016) (emphasis in original). "[I]t is [plaintiff], not [defendant], who knows best what its infringement theory is." *Tivo Inc. v. Samsung Elecs. Co.*, No. 2:15-CV-1503-JRG, 2016 WL 5172008, at *3 (E.D. Tex. July 22, 2016).

Greenthread has all the information it needs to "rigorously analyze" and "explain with great detail [its] theories of infringement" as applied to the OV24A1Q image sensor. *Connectel*, 391 F. Supp. 2d at 527. For over six months, Greenthread has had a 129-page report on the OV24A1Q image sensor, a quarter of which specifically focuses on the doping profiles in the chip. Dkt. 1–8 at 65–193; *id.* at 34–52, 93–95, 100–102, 104–106, 117, 118, 120–122, 126. Greenthread has also inspected OmniVision's entire design and development file for the OV24A1Q image sensor and highly confidential information for other products and received document production with over 40,000 pages of technical information on OmniVision's other products. Nonetheless, Greenthread refuses to provide adequate infringement contentions.

**B. Greenthread Failed to Provide Sufficient Infringement Contentions For the OV24A1Q Image Sensor**

Greenthread's P.R. 3-1(c) chart relies on copied images related to the pixel array portion of CIS die in the OV24A1Q image sensor. Ex. A. at 16–39. Copied images are insufficient where the plaintiff fails to adequately identify which components correspond to the individual claim limitations. *See CathX Research Ltd. v. 2G Robotics, Inc. a/k/a/ Voyis Imaging, Inc.*, 5:21-cv-00077-RWS, slip op. at 11 (E.D. Tex. May 2, 2022), ECF 49.

Greenthread chose what it believes are the relevant pages from the report. Ex. A at 16–25. Greenthread now needs to explain in detail how these images correspond to the claim limitations, which its existing contentions fail to do. Ex. A. at 16–39. For example, the word "substrate"—a critical feature of the asserted claim—is not included in any of these 34 pages of doping analysis for CIS die. *Id.* at 34–52, 93–95, 100–102, 104–106, 117, 118, 120–122, 126. There is also no discussion of graded dopant layers to move carriers from a first surface to

6

a second surface of any structure. *Id.* To the extent that Greenthread asserts the elements of the claims can be found in the accused products, it is incumbent on Greenthread to clearly identify where they are present. P.R. 3–1(c). Greenthread fails to do so.

### 1. The Exemplary Claim

Claim 1 of the '842 patent states:

> A semiconductor device, comprising:
>
> a substrate of a first doping type at a first doping level having first and second surfaces;
>
> a first active region disposed adjacent the first surface of the substrate with a second doping type opposite in conductivity to the first doping type and within which transistors can be formed;
>
> a second active region separate from the first active region disposed adjacent to the first active region and within which transistors can be formed;
>
> transistors formed in at least one of the first active region or second active region; and
>
> at least a portion of at least one of the first and second active regions having at least one graded dopant concentration to aid carrier movement from the first surface to the second surface of the substrate.

Dkt 1–3 at 4:45-60.

### 2. Greenthread Fails to Identify the "Substrate of a First Doping Type at a First Doping Level Having First and Second Surfaces"

The first set of claim limitations in the Exemplary Claim require: (1) a "substrate"; (2) "of a first doping type; (3) "at a first level"; and having (4, 5) "first and second surfaces." *Id.* at 4:46-47. All of limitations in the exemplary claim are defined with respect to this five-part structure. *Id.* at 4:46-60.

Greenthread repeats the claim language, asserts that "substrate" should be construed to mean "underlying layer," and generically states that the substrate is made of silicon. Ex. A at 26–28. Nowhere does Greenthread state what the "first doping type" is or what the "first doping level" is for the "substrate." *Id.* Instead, Greenthread provides three pictures with inconsistently drawn arrows without explaining what Greenthread intends to point to. *Id.*

7

It is wholly unclear what is the "substrate of a first doping type at a first doping level" under Greenthread's theory of infringement. Even with "substrate" argued to be "an underlying layer," Greenthread fails to identify anything with five-part structure required by the claim. There are two available doping types: P-type or N-type. In the second picture, reproduced below, P-type is shown in blue and N-type is in yellow. Greenthread appears to identify an n-doped photodiode region (in yellow) as the "substrate." Ex. A at 27–28. Yet, what Greenthread appears to label as the "first surface" and "second surface" of the "substrate" (in blue) appears to be P-type. *Id.* at 27.



*Id.* The third picture also appears to point to part of the photodiode as the "substrate," while the first picture has no reference to the photodiode or doping information. *Id.* at 26, 28. Notwithstanding multiple arrows on multiple pages, it is unclear what structure is intended by Greenthread.

OmniVision repeatedly sought clarification from Greenthread, but Greenthread declined. Ex. F at 2, 5, 9–12, 14–17, 19–23. Greenthread's chart is so unclear, even Greenthread cannot identify whether the "first doping type" is "P" or "N" under its own infringement theory. *Id.*

### 3. Greenthread Fails to Identify the "First Active Region" Limitations

The "first active region" must be: (1) adjacent the first surface of the substrate; (2) a second doping type opposite in conductivity; and (3) allowing for transistors to be formed within. Dkt. 1–3 at 4:48-51. Because the "first active region" limitations are defined with respect to the "substrate" limitations, Greenthread's inability to identify the "substrate" or its

8

"first doping type" prevents discernment of what is "disposed adjacent" to the "first surface" or if there is a "second doping type opposite in conductivity."

Moreover, Greenthread fails to comply with P.R. 3–1(c) because Greenthread fails to identify the structures that Greenthread itself contends are required for an "active region." Greenthread asserts that "the active region is a doped silicon region at the surface of the device (e.g. the source and drain and silicon between them)." Ex. A at 28. Greenthread's accompanying visuals on the right show three structures—a source, drain and channel—as constituting an "active region." *Id.* at 31, 32. Yet, on the left, Greenthread appears to points only to one single N-doped region (in yellow) surrounded by a P-type region (in blue). *Id.* at 31.



*Id.* OmniVision is left to guess at what Greenthread contends is the "first active region".

### 4.    Greenthread Fails to Identify the "Second Active Region" Limitations

The exemplary claim also requires "a second active region separate from the first active region disposed adjacent to the first active region and within which transistors can be formed." Dkt. 1–3 at 4:52-54. For these limitations, Greenthread merely draws boxes around text labels. No structures for an "active region" are identified. Nor does Greenthread address how a "second active region" is "separate from" and "disposed adjacent to the first

9

active region" or that "transistors can be formed within." *Id.* at 33–34. This is the same claim limitation for which Greenthread provided no support whatsoever in its Complaint. *See* Dkt. 1-8 at 17–18; Dkt. 34 at 9, 12–13. Greenthread still fails to explain what constitutes a "second active region" in the OV24A1Q.

### 5. Greenthread Fails to Identify "Transistors Formed in the at least one of the First Active Region or Second Active Region"

Greenthread again simply draws a box around a text label. Ex. A at 35. That text label at best references that there is a single source/drain somewhere, contradicting Greenthread's own stated construction requiring three elements, a source, drain, and channel, and failing to explain how that constitutes a "transistor formed in" an "active region." *Id.*

### 6. Greenthread Fails to Identify a "Graded Dopant Concentration to Aid Carrier Movement from the First Surface to the Second Surface of the Substrate" in the First or Second Active Regions

Greenthread asserts that different carrier concentrations are present in the images, but Greenthread fails to explain in which portion of the red boxes variations in doping are relevant, how they relate to first or second active regions, or how they aid carrier movement from a first surface to an unidentified second surface of a substrate. *Id.* at 36–39.

Greenthread failed to correlate the individual claim limitations to where they are allegedly found in the OV24A1Q for the asserted claims, and thus fails to compy with P.R. 3-1(c).

## C.   Greenthread Provides No Contentions for the Other Products

Greenthread fails to comply with P.R. 3-1 to included any other OmniVision products as Accused Instrumentalities. P.R. 3-1. Instead of addressing any other OmniVision products specifically, Greenthread's efforts are put into generic catch-all phrases in its P.R. 3-1(b) disclosure. *Id.* at 4–5. Greenthread neither includes P.R. 3-1(c) charts for any other OmniVision products nor makes any statements concerning their features or what structures are asserted to infringe.

### 1. Greenthread's Catch-Alls Have No Effect

Greenthread does not include a definition of "OmniVision Accused Products" in Greenthread's P.R. 3-1(b) identification of accused products or P.R. 3-1(c) charts. Ex. A at 4–5, 16, 47, 62, 79, 81, 81.[2] Instead, Greenthread seeks to include "similar" "products," "systems," "structures, features, or functionalities," and "processes used to fabricate," along with any OmniVision product falling within different "product categories/types." *Id.* This expansive list of catchalls is a wholly non-compliant manner of addressing "OmniVision Accused Products." *See Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-693-JRG-RSP, 2017 WL 3007464, at *3 (E.D. Tex. July 14, 2017) ("catch-all language...has no effect under the rules and may be disregarded."). "[B]road conclusory allegations that the products are similar do not allow Plaintiffs to circumvent the Local Rules." *Jaipuria v. Linkedin Corp.,* No. 6:11-CV-00066, 2013 WL 12146741, at *3 (E.D. Tex. Mar. 27, 2013); *see also Tivo,* 2016 WL 5172008, at *3 ("Plaintiff cannot rely simply on the 'same or similar functionality' to sweep in additional products that have not been identified with sufficient specificity").

### 2. Greenthread Fails to Comply with P.R. 3-1(c)

For the list of approximately 200 products that Greenthread identified on OmniVision's website, Greenthread makes no effort at complying with P.R. 3-1(c). Ex. A at 5–10, 16–89. Greenthread does not address the features of these products in any way, prepare charts, or contend that charts for each these products would be materially identical to those for the OV24A1Q. *Id.*

Attempts to chart only one product despite accusing hundreds of different products of infringement have been repeatedly rejected by this Court. *See Traxcell Techs., LLC v. Huawei Techs. USA Inc.,* No. 2:17-cv-41-RWS-RSP, 2017 WL 6559256, at *5 (E.D. Tex. Dec. 21, 2017) ("Identifying hundreds of products without charting each product or identifying a clear link

---

[2] Greenthread is also unable to set forth an appropriate definition of "Accused Products" for discovery purposes. Instead, Greenthread picks a relatively generic limitation from the exemplary claim—"**transistors**"—and asks for "any product sold by you in the six years prior from the filing of this action that contains a **transistor**." Dkt. 1–3 at 4:54-55; Ex. B at 2 (emphasis added).

between those products is simply inadequate."); *Alacritech Inc.*, 2017 WL 3007464, at *4. The Local Patent Rules require Greenthread to provide a claim chart "identifying specifically where each element of each asserted claim is found within **each Accused Instrumentality**." P.R. 3–1(c) (emphasis added).

Greenthread asserts that it provided a chart for the "OmniVision Accused Products" but only attempts to chart the pixel array portion of CIS die in the OV24A1Q. Ex. A at 4-5, 16–89. To the extent that Greenthread were to actually contend that additional charts would be materially identical to the OV24A1Q chart, Greenthread must "provide an explanation of the technical and functional identity of the products represented." *UltimatePointer, LLC v. Nintendo Co.*, No. 6:11-CV-496, 2013 WL 12140173, at *3 (E.D. Tex. May 28, 2013). Greenthread does not and cannot do so.

Greenthread already acknowledged that OmniVision products are not materially identical, categorizing them as "image sensors, ASICs, CameraCubeChip®, LCOS, power management, touch and display, OVMed® ISP, and OVMed® cable module devices." These products would not have the same structures as the OV24A1Q image sensor. For example, non-image sensor products would not even have a pixel array.

Additionally, Greenthread has already conceded that there is no unified infringement theory that it can apply to all OmniVision products. Greenthread represented to the Court that it has an alternative infringement theory directed to different structures in the OV24A1Q. Dkt. 37 at 15 ("even if the CIS die transistors don't infringe, the ISP transistors clearly do"). Greenthread has not charted any other OmniVision product, or the ISP transistors in the OV24A1Q that Greenthread represented to the Court would alternatively infringe. Ex. A at 16–89; Dkt. 37 at 15.

Greenthread either has no infringement theory to support every product on OmniVision's website, let alone the pixel array in the OV24A1Q, or is seeking tactical advantage by failing to comply with the Local Patent Rules. Greenthread's infringement contentions directed to other OmniVision products should be stricken.

### D. Greenthread's Moving Target Strategy Prejudices OmniVision.

This District's local patent rules were designed to prevent litigants from "attain[ing] important tactical advantages by delaying or avoiding disclosure of key elements of their case." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 821 (E.D. Tex. 2007). Greenthread's P.R. 3–1(c) allegations directed to the OV24A1Q are non-descript and vague, withholding from OmniVision information it needs to conduct its defense.

OmniVision sold multiple products that predate the asserted priority date of the patents-in-suit. But OmniVision is being forced to guess at which components are relevant under Greenthread's theory of infringement. Greenthread's refusal to set forth a cogent infringement theory is also precluding OmniVision's ability to conduct discovery into other relevant prior art chips from third parties that may have the features that Greenthread asserts are sufficient to infringe the claim. Additionally, the majority of information concerning how transistors would be formed would be in the possession of TSMC as the manufacturer of the OV24A1Q, but Greenthread will not answer whether TSMC processes are relevant. Ex. C at 2–3; Ex. F at 2, 5.

Greenthread is also not entitled to flip the Local Patent Rules on their head, seeking expansive discovery over every one of the OmniVision's product and then later figure out an infringement theory. Its infringement theories must come at the onset of the case. *Connectel, LLC*, 391 F. Supp. 2d at 527.

### IV. CONCLUSION

Greenthread has asserted infringement against the OV24A1Q, but presents no infringement theory for even the exemplary claim. Greenthread's attempt to accuse every single OmniVision product without any basis for contending they have any likelihood of infringing any of the claims of the asserted patents is improper.

Greenthread's failure to comply with P.R. 3-1 has prejudiced OmniVision by precluding OmniVision from understanding Greenthread's infringement theory, which prior art would invalidate the patent claims under that theory, and which components may be subject to third-

party indemnification. In addition to violating P.R. 3-1, Greenthread is potentially hiding a conflict of interest involving its counsel's other client, TSMC.

OmniVision respectfully requests that the Court compel Greenthread to supplement its infringement contentions to identify each of the structures in the OV24A1Q that corresponds with each of the limitations in the asserted claims and strike Greenthread's uncharted accused products.

Dated: December 4, 2023    */s/ David H. Bluestone*
David H. Bluestone
IL Bar No. 6269436
david.bluestone@bfkn.com
Lloyd E. Ferguson
TX Bar No. 06918150
buddy.ferguson@bfkn.com
BARACK FERRAZZANO
KIRSCHBAUM & NAGELBERG, LLC
200 West Madison Street
Suite 3900
Chicago, Illinois 60606
(312) 984-3100

*Attorneys for Defendant OmniVision Technologies, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2023, the foregoing was electronically in compliance with the Local Rules and served via the Court's electronic filing system on all counsel who have consented to electronic service.

*/s/* David H. Bluestone
David H. Bluestone

**CERTIFICATE OF CONFERENCE**

I hereby certify that the Parties have met and conferred in compliance with Local Rule CV 7(h) regarding this Motion. This Motion is opposed.

*/s/* David H. Bluestone
David H. Bluestone