IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GREENTHREAD, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>OMNIVISION TECHNOLOGIES, INC.,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO.  2:23-CV-00212-JRG**<br>**(LEAD CASE)** |
| GREENTHREAD, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>TEXAS INSTRUMENTS INC.,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO.  2:23-CV-00157-JRG** |
| GREENTHREAD, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>OSRAM GMBH,  AMS-OSRAM AG,  AMS SENSORS USA INC.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO.  2:23-CV-00179-JRG** |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant OmniVision Technologies, Inc.'s ("OmniVision") Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (the "Motion"). (Dkt. No. 34.) In the Motion, OmniVision moves to dismiss Greenthread LLC's ("Greenthread") Complaint (Dkt. No. 1) on the grounds that Greenthread's allegations of direct and induced

infringement fail to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). Having considered the Motion, the subsequent briefing, and for the reasons stated herein, the Court is of the opinion that the Motion should be and hereby is **DENIED**.

## I. BACKGROUND

On May 10, 2023, Greenthread filed its Complaint against OmniVision for infringement of six patents: U.S. Patent Nos. 8,421,195 ("the '195 Patent"), 9,190,502 ("the '502 Patent"), 10,510,842 ("the '842 Patent"), 10,734,481 ("the '481 Patent"), 11,121,222 ("the '222 Patent"), and 11,316,014 ("the '014 Patent") (collectively, the "Asserted Patents"). (Dkt. No. 1.) The Asserted Patents all share a specification and generally relate to improved semiconductor devices. (*Id.*); (Dkt. No. 34 at 3.)

Exhibit 8 of the Complaint includes a claim chart "demonstrat[ing] how exemplary OmniVision Accused Products meet the claim limitations of Greenthread Patents." (Dkt. No. 1 at 9.) The claim chart compares OmniVision's OV24A1Q product to the asserted claims of the '842 Patent on an element-by-element basis. (Dkt. No. 1-8 at 1-2.) As evidence for infringement, Greenthread primarily cites a report detailing the reverse engineering of OmniVision's OV24A1Q product (the "Tech Insights Report"). (*Id.*); (Dkt. No. 37 at 4.)

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable

for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true, and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true. *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.* Assessing the sufficiency of pleadings is a context specific task; simpler technologies may require less detailed pleadings, while more complex technologies may demand more. *Disk Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

### III.   DISCUSSION

OmniVision moves to dismiss Greenthread's claims for both direct and indirect infringement. The Court addresses each in turn.

#### A.   Direct Infringement

OmniVision argues that Greenthread's direct infringement claims should be dismissed because Greenthread fails to provide any factual allegations supporting its claims that OmniVision's products practice (1) the "second active region" limitation, (2) the "surface layer" limitation, and (3) the "substrate" limitation of the asserted claims. (Dkt. No. 34 at 12-15.)

Specifically, OmniVision argues that Greenthread fails to identify in Exhibit 8 where these limitations are present in OmniVision's products. (*Id.* at 12-13.) OmniVision alleges that Greenthread produced reports similar to the Tech Insights Report in prior litigations, but in those litigations the reports included figures with arrows and annotations specifically identifying where the claim limitations were present in the accused products. (*Id.* at 14-15.) While OmniVision concedes that such annotations are not required to state a claim for infringement, it argues that the lack of annotations in Exhibit 8 is "telling," and it indicates that the claim limitations are not present in OmniVision's products. (*Id.*) OmniVision argues that since Greenthread has not specifically identified where the limitations are present in its products, Greenthread cannot sustain its claim for direct infringement.

OmniVision also argues that the Complaint should be dismissed because the Tech Insights Report conclusively proves that the limitations are not found in the accused products. (*Id.* at 16.) For example, the asserted claims require a "graded concentration of dopants" on a "substrate." (*See e.g.*, Dkt. No. 1-1.) OmniVision argues that the Tech Insights Report does not identify any "substrate" in the same portion of the chips where the report identifies "graded dopant concentration." (*Id.* at 1, 8, 15.) Further, OmniVision argues that the Tech Insights Report cannot show a "second active region" because the report only shows a single active region based on arguments made to overcome prior art in the prosecution history. (*Id.*)

Greenthread argues that this Motion necessarily fails because it "proceeds from the false premise that a complaint for patent infringement must adopt a claim-by-claim, element-by-element pleading format." (Dkt. No. 37 at 1.) Greenthread argues that such granular detail is not required, and arguments to the contrary have been repeatedly rejected by this Court. (*Id.*) (citing *Optimum Imaging Techs. LLC v. Canon Inc.*, No. 2:19-CV-00246-JRG, 2020 WL 10357165 (E.D. Tex. May

4

1, 2020)). Greenthread contends that it has pled sufficient facts to state a claim by identifying the accused products and "explain[ing] how at least a representative product infringes." (*Id.*) (quoting *Optimum Imaging*, 2020 WL 10357165, at *3).

Greenthread also disagrees that the Complaint conclusively proves that the claim limitations are absent from the accused products. For example, Greenthread argues that the plain and ordinary meaning of "substrate" is "underlying layer," and the images in the Tech Insights Report show an underlying layer. (Dkt. No. 37 at 11.) Greenthread further argues that determining whether the images show features such as a "second active region" requires claim construction, precluding dismissal at this stage. (*Id.*)

The Court finds that Greenthread has pled sufficient factual allegations to state a claim for direct infringement. Greenthread is not required to prove its case at the pleading stage. *Lifetime Indus.*, 869 F.3d at 1379. Greenthread's Complaint must plead sufficient facts to put OmniVision on notice of what activity is being accused of infringement. (*Id.*) Requiring Greenthread to provide element-by-element infringement contentions before the parties have conducted discovery or fully fleshed out their theories would be too onerous a burden. *See Optimum Imaging*, 2020 WL 10357165, at *3. The fact that Greenthread provided annotations in a claim chart in other cases is irrelevant. It is sufficient in this case that Greenthread identified the accused products and "explain[ed] how at least a representative product infringes," with enough detail to put OmniVision on notice of what is being accused of infringement. *See id.*; *Lifetime Indus.*, 869 F.3d at 1379.

The Court disagrees that the Complaint conclusively proves the absence of the claim limitations from the accused products. The Court cannot determine whether a "substrate" or "second active region" are absent from OmniVision's products without first defining the terms "substrate" and "second active region." The Court declines to conduct claim construction at the

pleading stage. Claim construction will come later in the development of this case and as set out in the docket control order.

At this stage, Greenthread is merely required to put OmniVision on notice of the accused activity. It has done so. Accordingly, the Court finds the Complaint contains sufficient factual allegations to state a claim for direct infringement.

### B.  Indirect Infringement

OmniVision argues that the factual allegations in the Complaint cannot plausibly support a cause of action of indirect infringement by inducement. (Dkt. No. 34 at 17.) Specifically, OmniVision contends that the Greenthread fails to sufficiently plead that OmniVision had (1) the requisite specific intent to induce infringement and (2) knowledge of the Asserted Patents. (*Id.*)

Greenthread argues that when "a manufacturer includes in its product a component that can *only* infringe, the inference that infringement is intended is unavoidable." (Dkt. No. 37 at 17) (quoting *Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325 (Fed. Cir. 2008)). Greenthread argues that it has pled that the OmniVision products have no substantial noninfringing use, and thus it is appropriate to infer that OmniVision had the requisite specific intent to induce infringement. (*Id.*) Greenthread further argues that OmniVision cannot dispute that it had knowledge of the Asserted Patents at least as of the filing of the Complaint, precluding dismissal. (*Id.*)

The Court agrees with Greenthread. First, Greenthread has plead that the accused products necessarily infringe without modification by customers. "[I]t is entirely appropriate to presume that one who sells a product containing *a component that has no substantial noninfringing use* in that product does so with the intent that the component will be used to infringe." *Ricoh*, 550 F.3d at 1338 (emphasis in original). Second, OmniVision cannot dispute that it had knowledge of the Asserted Patents at least as of the filing of the Complaint. "[I]t would be premature at this early stage in the proceedings to distinguish between pre-suit and post-filing conduct for the purposes

6

of induced infringement when it cannot be disputed that Plaintiff '*does* sufficiently plead that the [Defendants] had knowledge of the [Asserted Patents] for at least some time during the infringement period.'" *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-cv-181, 2021 WL 6618529, at *6 (E.D. Tex. Nov. 30, 2021). Accordingly, the Court finds that Greenthread has pled sufficient factual allegations to state a claim for induced infringement.

## IV.   CONCLUSIONS

For the reasons stated herein, the Court finds that Defendant's Motion to Dismiss (Dkt. No. 34) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 14th day of December, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

7