# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GREENTHREAD, LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> OMNIVISION TECHNOLOGIES, INC., § <br> § <br> *Defendant*. § | CIVIL ACTION NO. 2:23-CV-00212-JRG <br> (LEAD CASE) |
| v. § <br> § <br> TEXAS INSTRUMENTS INC., § <br> § <br> *Defendant*. § | CIVIL ACTION NO. 2:23-CV-00157-JRG |
| v. § <br> § <br> OSRAM GMBH, AMS-OSRAM AG, AMS § <br> SENSORS USA INC., § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 2:23-CV-00179-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions concerning Greenthread, LLC's ("Greenthread") infringement contentions in Member Case No. 2:23-cv-157. First, Greenthread filed an Opposed Motion to Amend its P.R. 3-1 Infringement Contentions with Respect to Defendant Texas Instruments Inc. ("TI") (the "Motion to Amend"). (Dkt. No. 59.) Second, TI filed a Motion to Strike Unsupported Infringement Assertions and Accused Products in Greenthread's Infringement Contentions (the "Motion to Strike"). (Dkt. No. 65.) Having considered the motions and the subsequent briefing, the Court finds that Greenthread's Motion to Amend should be **GRANTED** and TI's Motion to Strike should be **DENIED**.

I.  **BACKGROUND**

The Asserted Claims in this case relate to the concentration and location of chemicals called "dopants" in semiconductor devices. (Dkt. No. 59 at 1.) The dopant concentration in a semiconductor product is not information that is ordinarily available to the public, but such can be determined through reverse engineering. (*Id.*)

Greenthread served its P.R. 3-1 infringement contentions on TI on July 6, 2023. Greenthread specifically identified over 700 Accused Products by their model numbers based on publicly available information from TI's website. (*Id.*) However, Greenthread provided infringement charts for a single TI product, the BQ25123 Battery Charger Power Management IC (the "BQ25123 product"), and it stated that the Accused Products in this case include any product by TI that "comprise[s] or consist[s] of the same or similar structures, features, or functionalities as the exemplary [BQ25123 product]." (Dkt. No. 59-2 at 4.)

On September 15, 2023, Greenthread served proposed supplemental infringement contentions on TI. These supplemental contentions, in part, provided more specific annotations and details to the infringement chart of the BQ25123 product. TI does not oppose these amendments. (*See* Dkt. No. 60.) However, Greenthread also amended its definition of the Accused Products to include the following language, which TI opposes:

> [TI] has represented that the Texas Instruments BQ25123 is fabricated using TI's "LBC7" fabrication process and that its transistors developed with a given process are identical. Based on that representation, Texas Instruments Accused Products include products fabricated using the LBC7 process as with the BQ25123, and products fabricated using later developed processes.

(Dkt. No. 59-9 at 4.)

II. **LEGAL STANDARD**

"Local Patent Rule 3-1 requires a party claiming infringement to identify each accused product in its infringement contentions." *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-

cv-00980, 2017 WL 4812436, at *2 (E.D. Tex. Oct. 25, 2017) (quoting *Tivo Inc. v. Samsung Elecs. Co.*, No. 2:15-CV-1503, 2016 WL 5172008, at *1 (E.D. Tex. 2016)). "The purpose of P.R. 3-1 infringement contentions is to provide reasonable notice to an accused infringer of the accused products." *Revolaze LLC v. J.C. Penney Corp. Inc.*, No. 2:19-cv-00043, 2020 WL 2220158, at *3 (E.D. Tex. May 6, 2020). "This notice allows the accused infringer to conduct its own discovery and prepare its defense." *Id*.

P.R. 3-6(b) allows a party to supplement its infringement contentions "by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). The Court considers four factors when determining good cause: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded if the proposed amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Intellectual Ventures II*, 2017 WL 4812436, at *2 (citing *Packet Intelligence LLC v. NetScout Sys.*, No. 2:16-CV-230, 2017 WL 2531591, at *1 (E.D. Tex. April 27, 2017)).

### III. DISCUSSION

    **A.    Greenthread's Motion to Amend its Infringement Contentions Concerning TI (Dkt. No. 59)**

In correspondence between the parties concerning discovery disputes, TI asserted that Greenthread's infringement theory was so broad that it accused prior art products of infringing the Asserted Patents. (*See* Dkt. No. 59-5.) As an example, TI pointed out that a 2004 prior art transistor had been manufactured using the LBC7 process, the same process used to manufacture the charted BQ25123 product. TI argued that this 2004 design was essentially "the same transistor (LBC7) [Greenthread] accused of infringement." (*Id.*) TI also represented that the LBC7 process was "pertinent" to its invalidity theories. (*Id.*)

3

Greenthread allegedly investigated and discovered that the LBC7 process was developed *after* the relevant priority date for the Asserted Patents. In light of this discovery and TI's representations that LBC7 was "pertinent" to the case, Greenthread sought amend its contentions to specify that the Accused Products include any product made using the LBC7 process or any later developed process.

TI argues that both the initial contentions are deficient, and it argues that the Motion to Amend should be denied because the amendments do not cure the deficiencies of the initial contentions. Specifically, TI argues that the contentions are deficient because Greenthread charted only a single product, the BQ25123 product, without adequately explaining how this product is representative of the 700+ listed Accused Products. (Dkt. No. 64 at 1.) TI alleges that it raised these concerns with Greenthread, and instead of curing such defects, Greenthread is now attempting to expand the scope of the case even further. TI argues that Greenthread's new definition of Accused Products expands the product scope beyond the 700+ listed products and now puts the burden on TI to identify what products are accused.

Greenthread contends that the amendments to the infringement contentions do not "change or expand the accused products or assert new product theories." (Dkt. No. 59 at 8.) Rather, Greenthread argues that its amendments clarify the scope of the Accused Products in this case. (*Id.*) Greenthread also argues that that the amendments were made in response to TI's request for clarification on the scope of the Accused Products and TI's representations that LBC7 products were already accused in this case. (*Id.*)

Greenthread argues that good cause exists to amend the contentions. Greenthread contends that prior to TI discussing the "pertinence" of the LBC7 process, Greenthread had no basis to believe that the process had any significance, and Greenthread diligently sought to amend its

4

contentions once the relevance of the LBC7 process was known. (*Id.*) (Dkt. No. 59. at 11.) Greenthread also argues that it is attempting to clarify its positions as much as possible at this early stage but that it cannot perform the degree of narrowing that TI currently seeks without discovery. (*Id.*) Finally, Greenthread argues that TI is not prejudiced by the amendments because TI first alleged that the LBC7 process was pertinent to this case, TI asked Greenthread to amend its contentions to further clarify its infringement theories, and it is early in the case. (*Id.* at 12.)

The Court agrees with Greenthread that there is good cause to amend. The amendments clarify what products are accused in this case, and they were made in direct response to the conversations between Greenthread and TI. The Court is not persuaded that Greenthread should have known that the LBC7 process was "pertinent" to the case prior to TI's indication of such, which occurred after Greenthread served its initial contentions.

The Court also finds the amendments do not expand the scope of the Accused Products. Prior to the amendment, Greenthread defined the Accused Products as all products that "comprise or consist of the same or similar structures, features, or functionalities as the exemplary [BQ25123 product]." (Dkt. No. 59-2 at 5.) This language is still present in the amended contentions. Based on Greenthread's express representations, the Court finds that the added language does not expand the scope of the Accused Products beyond the TI products that were already accused, namely TI products that "comprise or consist of the same or similar structures, features, or functionalities as the exemplary [BQ25123 product]." (*Id.*)

Finally, the Court agrees that TI is not prejudiced by the supplement. First, TI expressly acknowledged that products made by the LBC7 process were already accused in the case. Second, it is early in the case. The claim construction and the close of fact discovery are still months away.

5

Accordingly, the Court finds that there is good cause to allow Greenthread to amend its contentions.

### B. TI's Motion to Strike Greenthread's Infringement Contentions (Dkt. No. 65)

After Greenthread filed its Motion to Amend, TI moved to strike Greenthread's infringement contentions. Specifically, TI requests that the Court "limit Greenthread to its only disclosed infringement theory and strike all non-LBCx LDMOS infringement assertions and accused products from Greenthread's contentions." (Dkt. No. 65 at 14.) "Striking infringement contentions is a drastic decision 'similar to deciding whether evidence should be excluded for discovery violations.'" *Blue Spike, LLC v. Texas Instruments, Inc.*, No. 6:12-CV-499, 2015 WL 11199194 at *2 (E.D. Tex. Jan. 12, 2015) (quoting *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007)).

TI argues that Greenthread has failed to show how the charted BQ25123 product is representative of all of the Accused Products. (Dkt. No. 65 at 1.) TI contends that the Asserted Claims pertain not only to the presence "graded dopants" in a transistor, but also to the specific arrangement of the structural components in the transistor. (*Id.* at 2-3.) TI argues that Greenthread fails to show that all 705 uncharted products include the same arrangement of structural components as the BQ25123 product. (*Id.*) Rather, TI argues, Greenthread accuses all transistors made by the same process or any later developed process and **assumes** that such transistors are structurally similar based on Greenthread's speculation that TI would have wanted to achieve the same benefits in all such products. (*Id.*) TI also contends that there are significant structural differences between the different types of transistors (*e.g.,* bipolar, CMOS, and LDMOS), which Greenthread's contentions fail to take into account. (*Id.* at 6-10.)

Greenthread argues that the "differences among accused products . . . are irrelevant to infringement." (Dkt. No. 68 at 1.) Specifically, Greenthread alleges that the BQ25123 product is

representative of the other accused products because TI undertakes the same manufacturing for the BQ25123 product (LBC7) as it does for many of the other accused transistors, including bipolar and CMOS transistors. (*Id.*) Greenthread also points out that TI's own invalidity contentions use CMOS and bipolar transistors as prior art, meaning TI concedes these transistor types can practice the patented invention. (*Id.* at 8.)

Based on publicly available information, Greenthread contends that any product made by LBC7 process would include the accused features charted for the BQ25123 product and that any product made by a subsequently developed process would also include the accused features to retain the same benefits of the invention. (*Id.*) Greenthread argues that to the extent TI disagrees that the BQ25123 product is actually representative of all Accused Products, such information is non-public and is precisely the type of information that discovery is designed to reveal. (*Id.*) Finally, Greenthread asserts that it is willing to chart more products, but it will only do so after it has received necessary discovery.

The Court agrees with Greenthread. Notably, TI acknowledges that the patents relate to "specific arrangements and properties of the claimed semiconductor structures." (Dkt. No. 65 at 2-3.) Greenthread cannot chart the "specific arrangements and properties" of every Accused Product when such information is not publicly available. Further, Greenthread is not required to provide infringement charts for every Accused Product. It is sufficient at this stage that Greenthread has charted a representative product and articulated its theory of how this product is representative of the other Accused Products.

The Court is not persuaded that Greenthread's representativeness allegations are deficient. TI attempts to show that the BQ25123 product is not representative of all Accused Products by comparing the BQ25123 product to an accused CMOS transistor to show that the accused features

in the infringement charts are not present in that CMOS transistor. (*See id.* at 7-10, 13-14.) This is a non-infringement argument, and it indicates to the Court that Greenthread has, in fact, put TI on notice of what structures are accused such that TI can point to the absence of such structures in certain specific products. Even if the court were to accept the merits of TI's arguments that the accused features are absent from the specific CMOS transistor cited in TI's Motion to Strike, such does not necessarily mean that the accused structures will be absent from all CMOS transistors on account of the differences between CMOS and LDMOS transistors. The fact that TI itself maps CMOS and bipolar transistors to the Asserted Claims for its invalidity theories demonstrates that CMOS transistors are capable of practicing the patented invention.

Greenthread has articulated its basis for the representativeness of the BQ25123 product: the use of the same LBC7 manufacturing process (or later developed processes designed to achieve the same design features). TI may disagree that this product is actually representative of all Accused Products in this case, but the Court agrees with Greenthread that this is precisely the type of information that discovery is designed to reveal. If discovery reveals that certain bipolar, CMOS, or LDMOS transistors lack the same or similar accused structures as the BQ25123 product, as TI contends, then it may be appropriate for Greenthread to dismiss its claims against such products. However, the information necessary for Greenthread to perform such narrowing is non-public and requires discovery. At this stage of the case, the Court finds no compelling reason to strike Greenthread's infringement contentions.

## IV.    CONCLUSION

For the reasons stated herein, the Court finds that Greenthread's Motion to Amend (Dkt. No. 59) should be and hereby is **GRANTED**, and TI's Motion to Strike (Dkt. No. 65) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 22nd day of April, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE